46 F.3d 1124
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Parlee HONEYCUTT, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 94-1367.
 United States Court of Appeals, Fourth Circuit.
 Submitted: November 29, 1994.
Decided: January 9, 1995.
 
 Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap. Glen M. Williams, Senior District Judge. (CA-93-58-B)
 Vernon M. Williams, WOLFE & FARMER, Norton, VA, for Appellant. Charlotte Hardnett, Chief Counsel, Margaret J. Krecke, Assistant Regional Counsel, Dorothea J. Lundelius, Office of the General Counsel, DEPARTMENT OF HEALTH AND HUMAN SERVICES, Philadelphia, PA; Robert P. Crouch, Jr., United States Attorney, Richard A. Lloret, Assistant United States Attorney, Roanoke, VA, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before WILKINSON and MICHAEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Parlee Honeycutt appeals the district court's decision upholding the denial of social security disability benefits (DIB) and supplemental security benefits (SSI). Because substantial evidence supports the decision by the Secretary to deny benefits, we affirm.
 
 
 2
 Honeycutt was born on September 4, 1961. She has a sixth-grade education. Past relevant work includes a seven-month job operating a bookbinding machine. At the time of the hearing before the ALJ, Honeycutt was being paid by the Virginia Department of Social Services to provide housekeeping services to her mother, an SSI recipient.
 
 
 3
 Honeycutt's daily activities varied widely. She cleaned her home, watched television, grocery shopped, occasionally drove, cooked, did laundry, and cared for her three-year old daughter. She managed her family's finances.
 
 
 4
 Honeycutt alleged disability commencing in August 1990, claiming that she had mental and emotional impairments and that she was subject to blackouts. Her record contains very little medical or psychological evidence prior to 1991. The evidence from that time that was before the Secretary is insignificant, revealing occasional treatment for colds and flu-like symptoms. Because of complaints of abdominal pain, doctors also performed a laparoscopy which revealed adhesions from probable old pelvic inflammatory disease.
 
 
 5
 Dr. Karpynec, a neurologist who examined Honeycutt, described her history of blackout spells as being "of questionable reliability." An MRI scan of her brain was normal, and Dr. Karpynec was unable to diagnose a seizure disorder. He surmised that the claimed spells actually were anxiety attacks. He presecribed no medication.
 
 
 6
 Clinical psychologist Shelle Dietrich examined Honeycutt, finding that she was slightly hypochondriacal, had a dependent personality, and was slightly hysterical. There was no evidence of psychosis or major affective disorder. Honeycutt was fully oriented and not delusional. Dietrich concluded that Honeycutt could "make simple occupational adjustments." Her IQ was 76. Honeycutt was able to sustain attention to simple, repetitive tasks and was able to comprehend simple and somewhat more complex instructions. Dietrich found that Honeycutt was able to sustain the pressures associated with daily work activity.
 
 
 7
 A vocational expert (VE) testified at Honeycutt's hearing. In response to a question which accurately described Honeycutt's impairments, see Walker v. Bowen, 889 F.2d 47, 50 (4th Cir.1989), the VE identified a number of jobs in the regional economy which an individual fitting her profile could perform. Among those jobs were hand packager and assembler.
 
 
 8
 The ALJ concluded that Honeycutt was not entitled to benefits. After reviewing the record, we find that substantial evidence supports this decision. See 42 U.S.C. Sec. 405(g) (1988); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990). We accordingly affirm the decision of the district court.
 
 
 9
 As our review of record reveals that argument would not significantly aid the decisional process, we grant the motion to submit on briefs and dispense with oral argument. The judgment is affirmed.
 
 AFFIRMED